# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAYMOND HERNANDEZ and<br>VENITA BETH HERNANDEZ<br><br>v.<br><br>RUSH ENTERPRISES, INC., HOLT<br>TEXAS, LTD. d/b/a HOLT CAT,<br>SCHLUMBERGER LIMITED and<br>SCHLUMBERGER TECHNOLOGY<br>CORPORATION | § § § § § § § § § § | Civil Action No. 4:19-CV-00638 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are three motions to dismiss: (1) Defendant Holt Texas Ltd.'s Motion to Dismiss (Dkt. #25); (2) Defendants Schlumberger Limited and Schlumberger Technology Corporation's Motion to Dismiss (Dkt. #26); and (3) Defendant Rush Enterprises, Inc.'s Motion to Dismiss (Dkt. #33) (collectively, "Defendants"). Having considered the motions and the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

Plaintiffs Raymond Hernandez and Venita Beth Hernandez (collectively, "Plaintiffs") filed suit against Defendants for alleged unlawful discrimination in violation of 42 U.S.C. § 1981, negligence, and gross negligence (Dkt. #16).

Plaintiff Raymond Hernandez, who is Hispanic, alleges that he worked for Defendant Rush (Dkt. #16 ¶¶ 16–17). Plaintiffs allege that Defendant Holt Cat and Defendant Schlumberger's employees harassed and made fun of Hispanic workers, including Plaintiff Raymond Hernandez, daily for three years (Dkt. #16 ¶¶ 23–24). Eventually, this discrimination allegedly culminated in a physical altercation between Plaintiff Raymond Hernandez and one of Defendant Holt Cat's employees (Dkt. #16 ¶¶ 56–59). Plaintiffs allege that as a result of this altercation, Plaintiff

Raymond Hernandez broke his hip, requiring hip-replacement surgery (Dkt. #16 ¶¶ 71–72). Plaintiffs also claim that all Defendants "have treated Mr. Hernandez adversely after he opposed or reported unlawful harassment or for participating in an investigation of unlawful harassment" (Dkt. #16 ¶ 75).

Plaintiffs filed their First Amended Complaint on October 11, 2019 (Dkt. #16). On October 25, 2019, Defendant Holt Texas Ltd. and Defendants Schlumberger Limited[1] and Schlumberger Technology Corporation filed their motions to dismiss (Dkt. #25; Dkt. #26). On November 8, 2019, Plaintiffs filed their response (Dkt. #27). Defendant Holt Texas Ltd. replied on November 15, 2019; Defendants Schlumberger Limited and Schlumberger Technology Corporation replied on November 18, 2019 (Dkt. #29; Dkt. #31). Plaintiffs filed their sur-reply on November 22, 2019 (Dkt. #32).

On October 24, 2019, Defendant Rush Enterprises, Inc. filed its Amended Answer to Plaintiffs' First Amended Complaint (Dkt. #24). Then, on November 26, 2019, Defendant Rush Enterprises, Inc. filed its Motion to Dismiss (Dkt. #33). On December 10, 2019, Plaintiffs responded (Dkt. #37).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When

---

[1] Plaintiffs voluntarily dismissed their claims against Defendant Schlumberger Limited on February 7, 2020 (Dkt. #38). Plaintiffs still maintain their claims against Defendant Schlumberger Technology Corporation (Dkt. #38).

considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Plaintiffs' First Amended Complaint, Defendants' motions to dismiss, the responses, the replies, and the sur-reply, the Court finds that Plaintiffs have stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.[2]

## CONCLUSION

It is therefore **ORDERED** that Defendants' motions to dismiss (Dkt. #25; Dkt. #26; Dkt. #33) are hereby **DENIED**.

**SIGNED** this 24th day of February, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Defendant Rush Enterprises, Inc. filed its answer before filing its Motion to Dismiss (Dkt. #24). So, Defendant Rush Enterprises, Inc.'s Motion to Dismiss is properly considered as a Motion for Judgment on the Pleadings under Rule 12(c). *Mandujano v. City of Pharr*, 786 Fed. Appx. 434, 436 (5th Cir. 2019). But since the standard for dismissal under Rule 12(b)(6) and Rule 12(c) is identical, this procedural posture does not change the Court's analysis or conclusion. *See id.*