# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| RAYMOND HERNANDEZ and § | |
| VENITA BETH HERNANDEZ, § | |
| § | Civil Action No. 4:19-cv-638 |
| *Plaintiffs*, § | Judge Mazzant |
| § | |
| v. § | |
| § | |
| RUSH ENTERPRISES, INC., ET AL., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Joint Motion to Strike Plaintiff Raymond Hernandez's Deposition Errata Sheets (Dkt. #122). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be denied.

## BACKGROUND

Defendants Rush Enterprises, Inc., Rush Truck Centers of Texas, LP, Holt Texas, Ltd., and Schlumberger Technology Corp. deposed Plaintiff Raymond Hernandez ("Hernandez") on July 29, 2020. On September 7, 2020, Plaintiffs' counsel sent Defendants an errata sheet containing changes to Hernandez's deposition testimony (Dkt. #122, Exhibit 1). Many of the changes substantively altered the original deposition testimony and replaced the original responses with contradictory, new responses (*see* Dkt. #122 at pp. 3–8).

On October 8, 2020, Defendants filed their Joint Motion to Strike Plaintiff Raymond Hernandez's Deposition Errata Sheets (Dkt. #122), currently before the Court. On October 22, 2020, Hernandez filed his response in opposition to the Motion (Dkt. #142). On October 30, 2020, Defendants filed their reply (Dkt. #148). On November 6, 2020, Hernandez filed a sur-reply (Dkt. #152).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure govern depositions by oral examination. FED. R. CIV. P. 30. Prior to the completion of a deposition, if "the deponent or a party" so requests, "the deponent must be allowed . . . to review the transcript or recording" and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." FED. R. CIV. P. 30(e)(1). "The Fifth Circuit has not ruled on the scope of permissible substantive corrections to a deposition under Rule 30(e),"[1] *Minshall v. Hartman Equine Reprod. Ctr., P.A.*, No. 4:15-CV-00764-ALM, 2016 WL 6804863, at *1 (E.D. Tex. Nov. 17, 2016), and "federal courts are split over the scope of permissible changes that can be made pursuant to Rule 30(e)," Christopher Macchiaroli & Danielle Tarin, *Rewriting the Record: A Federal Court Split on the Scope of Permissible Changes to A Deposition Transcript*, 3 FED. CTS. L. REV. 1, 2 (2009).

"The majority of federal courts place no limit on the nature of the changes a witness may make to the substance of his testimony." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2009 WL 424773, at *2 (E.D. Tex. Feb. 18, 2009); *see, e.g.*, *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*, 171 F.R.D. 203 (W.D. Tex. 1997). These courts "generally rely on the plain meaning of the language in Rule 30(e)(1)(B) and the availability of corrective mechanisms to prevent abuses." *Raytheon Co.*, 2009 WL 424773, at *2 (citing *Reilly v. TXU Corp.*, 230 F.R.D. 486, 489–90 (N.D. Tex. 2005)). But "[a] growing minority of courts takes a more restrictive approach[,] . . . permit[ting] a deponent to correct only typographic and

---

[1] In *Gonzalez v. Fresenius Medical Care North America*, the Fifth Circuit remarked that "[a]lthough clients do sometimes make substantive missteps in deposition testimony which may be corrected with an errata sheet, attorneys may not use an errata sheet to push a case to trial where the client no longer adheres to the allegations supporting the claim." 689 F.3d 470, 480 (5th Cir. 2012). The Court does not, however, construe this isolated statement in dictum as the Fifth Circuit taking a definitive position on this issue.

2

transcription errors."[2] *Holden v. Illinois Tool Works, Inc.*, No. CIV.A. H-06-3958, 2007 WL 4591752, at *3 (S.D. Tex. Dec. 27, 2007); *see, e.g.*, *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992). Courts propounding this view are generally concerned with parties "generat[ing] from whole cloth a genuine issue of material fact (or eliminat[ing] the same) simply by re-tailoring sworn deposition testimony to his or her satisfaction." *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 267–68 (3d Cir. 2010) (citing *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005)); *see Greenway*, 144 F.R.D. at 325 (explaining that Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath" because a "deposition is not a take home examination").

## ANALYSIS

Here, Hernandez made numerous substantive changes to his deposition testimony and included contradictory responses in his errata sheet. Defendants have laid out several viable concerns regarding Hernandez's errata sheet in the context of the instant litigation (Dkt. #122 at pp. 10–12). But the Court cannot grant Defendants' requested relief for two primary reasons.

To start, the Supreme Court commands courts to "give the Federal Rules of Civil Procedure their plain meaning." *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980)). As currently written, the text of Rule 30(e) is clear-cut: if the deponent properly makes "changes in form or substance," the deponent need only "sign a statement listing the changes and the reasons for making them." FED. R. CIV. P. 30(e)(1)(B). The rule does not specify which changes are permissible or treat certain changes differently than others—it simply prescribes what action must be taken if the deponent makes

---

[2] Although several variations of this more restrictive approach to Rule 30(e) exist, *see Devon Energy Corp. v. Westacott*, No. CIV.A. H-09-1689, 2011 WL 1157334, at *5–6 (S.D. Tex. Mar. 24, 2011), the Court finds it unnecessary to unpack them here.

"changes in form or substance" to a deposition by oral examination. *See Glob. Mach. Tech. v. Thomas C. Wilson, Inc.*, No. CIV. H-02-0452, 2003 WL 25676467, at \*6 (S.D. Tex. Sept. 18, 2003) ("[T]he court finds no authority within [Rule 30(e)] to deny a deponent the opportunity to make such changes, provided proper procedures were followed."). While other considerations can been used to construct the meaning of the Federal Rules of Civil Procedure, *see Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 229 (N.D. Tex. 2016), "[a]s with a statute," the inquiry is complete—as is the case here—if "the text of the [r]ule" is "clear and unambiguous," *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 541 (1991). And even if, for the sake of argument, the Court agreed with the rationale offered in the Motion, "altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 542 (E.D. Tex. 2010).

As well, Defendants present assuredly legitimate worries in the event that the Court denies the Motion and allows Hernandez's errata sheet in the record (Dkt. #122 at pp. 10–12). "Yet these concerns about discovery abuse are ameliorated by adequate safeguards." *Sellers v. Pfizer, Inc.*, No. 3:09-CV-01887-F, 2010 WL 11561515, at \*2 (N.D. Tex. Nov. 22, 2010). Most importantly in the Court's opinion, Hernandez's "original answers will remain part of the record, and in the Court's view, Defendants' ability to use those answers to impeach [Hernandez] or attack his credibility constitutes an adequate remedy." *Eicken v. USAA Fed. Sav. Bank*, 498 F. Supp. 2d 954, 961 (S.D. Tex. 2007); *see Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1891) ("The jury were the judges of the credibility of the witnesses . . . and in weighing their testimony had the right to determine how much dependence was to be placed upon it."). Hernandez's errata sheet will be allowed to remain in the trial record, along with the original version of the transcript.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Joint Motion to Strike Plaintiff Raymond Hernandez's Deposition Errata Sheets (Dkt. #122) is **DENIED**.

**SIGNED this 10th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE