# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RAYMOND HERNANDEZ and § <br> VENITA BETH HERNANDEZ, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> RUSH ENTERPRISES, INC., ET AL., § <br> § <br> *Defendants*. § | Civil Action No. 4:19-cv-638 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Rule 37(e) Motion (Dkt. #118).  Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be denied.

### BACKGROUND

Plaintiffs Raymond and Venita Beth Hernandez filed this lawsuit against Defendants Rush Enterprises, Inc., Rush Truck Centers of Texas, LP, Holt Texas, Ltd., and Schlumberger Technology Corp., alleging that Defendants caused Plaintiffs to suffer legal injury by violating various federal employment-discrimination laws.  On January 23, 2019, Defendants each received a letter from Plaintiffs' counsel informing them of Plaintiffs' representation and asking Defendants to "preserve all documents and information related to Mr. Hernandez's employment and injuries, including emails, texts, notes, witness statements, personnel files, video or tape recordings, and any other documents or correspondence" (Dkt. #118 at p. 2).  On December 2, 2019, the Court entered a Scheduling Order, which specified the extent of disclosures required from the parties (Dkt. #34 at p. 4).

On September 25, 2020, Plaintiffs filed their Rule 37(e) Motion, currently before the Court, arguing that Defendants failed to preserve and subsequently turn over photographs material to the

instant litigation (Dkt. #118 at pp. 2–3).  On October 9, 2020, Schlumberger and Holt each filed their own responses to the Motion (Dkts. #125, 127).  On October 16, 2020, Plaintiffs filed their reply (Dkt. #137).  On October 26, 2020, Defendants filed a consolidated joint sur-reply to the Motion (Dkt. #143).

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders.  Courts have the option to bar the disobedient party from introducing evidence or direct that certain facts shall be "taken to be established for purposes of the action."  FED. R. CIV. P. 37(b)(2)(A)(i).  Rule 37 also permits courts to strike claims from the pleadings and even "dismiss[] the action . . . or render[] a judgment by default against the disobedient party."  FED. R. CIV. P. 37(b)(2)(A)(v)–(vi).  "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (brackets omitted) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  Rule 37(b)(2) requires that any sanction imposed be just and specifically related to the particular claim that was the subject of the discovery violation.  *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

Rule 37(e) specifies the standard for determining whether spoliation of electronically stored information (ESI) has occurred.  Spoliation occurs where ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."  FED. R. CIV. P. 37(e).  For courts to find spoliation of ESI, "the party seeking the sanction must show the

following factors: (1) the existence of a duty to preserve the evidence; (2) a culpable breach of that duty; and (3) resulting prejudice to the innocent party." *Accresa Health LLC v. Hint Health Inc.*, No. 4:18-CV-00536, 2020 WL 6325733, at *7 (E.D. Tex. Feb. 28, 2020). The party seeking sanctions under Rule 37(e) bears the burden of proof. *Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Back Certificates WAMU Series No. 2007-HE2 Tr.*, 390 F. Supp. 3d 769, 790 (E.D. Tex. 2019).

## ANALYSIS

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)). Construing the Motion generously, the Court understands Plaintiffs to allege that the duty to preserve arose on January 23, 2019—the date Plaintiffs' counsel requested Defendants to enter a litigation hold (Dkt. #118 at pp. 1–2). Defendants argue that the material Plaintiffs seek does not fall within the Defendants' mandatory preservation timeframe (Dkt. #125 at pp. 3–4; Dkt. #127 at pp. 2–6; Dkt. #143 at pp. 2–5). In their reply, Plaintiffs do nothing more than rehash conclusory statements about Defendants' failure to preserve relevant material (*see* Dkt. #137 at pp. 1–3). Plaintiffs fall well short of satisfying their burden to demonstrate that Defendants had a duty to preserve the material sought in the Motion. The Court cannot grant Plaintiffs the relief they seek.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Rule 37(e) Motion (Dkt. #118) is **DENIED**.

SIGNED this 1st day of December, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE