# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RAYMOND HERNANDEZ and <br> VENITA BETH HERNANDEZ, <br><br> *Plaintiffs*, <br><br> v. <br><br> RUSH ENTERPRISES, INC., ET AL., <br><br> *Defendants*. | § <br> § <br> § Civil Action No. 4:19-cv-638 <br> § Judge Mazzant <br> § <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Partial Motion for Summary Judgment (Dkt. #85). Having considered the Motion and the relevant pleadings, the Court finds that it should be denied.

### BACKGROUND[1]

This suit concerns allegations by Plaintiff Raymond Hernandez that he suffered racially based discrimination in the workplace. In 2015, Rush Enterprises, Inc. and Rush Truck Centers of Texas, LP ("Rush") hired Hernandez, a Hispanic male, as a Level 2 Mechanic. Hernandez initially worked at a facility owned and operated by Schlumberger Limited and Schlumberger Technology Company ("Schlumberger") in Denton. After working there for six months, Hernandez was transferred to a Rush facility in Irving, where he worked for four months. Hernandez was then transferred back to the Schlumberger facility in Denton, where he worked until Rush reassigned him to a different facility in early 2019. Employees of Rush, Schlumberger, and Holt Texas, Ltd. d/b/a Holt Cat ("Holt") were present at the Schlumberger worksite during

---

[1] Two defendants challenge the propriety of the affidavits Plaintiffs submitted with the Motion (*see* Dkts. #95, 96, 104). The Court considers only those statements that satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure. *See Swanston v. City of Plano*, No. 4:19-CV-412, 2020 WL 6799173, at *3 n.3 (E.D. Tex. Nov. 19, 2020).

Hernandez's tenure there. Roughly a year and a half into this stint at the Denton facility, Hernandez was promoted to the position of Lead Man.

Hernandez alleges that he consistently endured harassment from his co-workers based on his race, and he asserts that he reported such harassment to his supervisors. His allegations detail an unsuitable workplace climate, particularly unfavorable towards those of Hispanic descent. Things came to a head on January 16, 2019, when Hernandez entered the contractor office at the Denton facility and a physical altercation occurred between Hernandez and Holt employee Jeremy Stallings ("Stallings"). The incident culminated with Stallings shoving Hernandez to the ground, which caused Hernandez's hip to fracture. Hernandez went to the hospital and underwent hip replacement surgery.

Following the January 16 altercation, Schlumberger banned Hernandez and Stallings from the Denton facility, and Rush assigned Hernandez to a different location. At the new location, Hernandez's title reverted to Level 2 Mechanic.

On September 3, 2019, Hernandez and his wife filed suit against Rush, Schlumberger, and Holt for violations of federal employment-discrimination law along with other related claims (Dkt. #1). On August 7, 2020, Plaintiffs filed their Motion for Partial Summary Judgment (Dkt. #85), currently before the Court. On August 27, 2020, Rush filed its response (Dkt. #96). On August 28, 2020, Schlumberger and Holt filed their respective responses (Dkts. #102; #103). On September 3, 2020, Plaintiffs filed their reply to Rush's response (Dkt. #106). On September 7, 2020, Plaintiffs filed their reply to the responses of Schlumberger and Holt (Dkt. #107). And on September 14, 2020, Schlumberger and Holt filed sur-replies (Dkts. #113; #115).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Dispute over a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019). Trial courts "must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020).

The party moving for summary judgment bears the initial burden of identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant satisfies this burden as to a claim or defense for which summary judgment is sought, evidence must be offered that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may discharge the burden by demonstrating the absence of evidence supporting the nonmovant's case. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried this initial burden, the nonmovant "must go beyond the pleadings and present specific facts indicating a genuine issue for trial in order to avoid summary

3

judgment." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden—reciting "barebones, conclusory, or otherwise-unsupported assertions" is simply insufficient. *Hassen v. Ruston Louisiana Hosp. Co., L.L.C.*, 932 F.3d 353, 355–56 (5th Cir. 2019); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). And courts are not required "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Rather, to have a request for summary judgment dismissed, a nonmovant must show with "'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). Courts must "'draw all reasonable inferences in favor of the nonmoving party' and 'refrain from making credibility determinations or weighing the evidence.'" *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## ANALYSIS

After carefully reviewing the record and the arguments presented, the Court is unpersuaded that Plaintiffs have met their burden to demonstrate that no genuine issue of material fact exists. The Court therefore denies the motion for summary judgment as to the § 1981 claims for hostile work environment and disparate treatment.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Partial Motion for Summary Judgment (Dkt. #85) is **DENIED**. It is **FURTHER ORDERED** that Rush's Holt's Motion to Strike Evidence Submitted in Support of Plaintiffs' Partial Motion for Summary Judgment (Dkt. #104) is **DENIED AS MOOT**.

SIGNED this 1st day of December, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE