# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RAYMOND HERNANDEZ and VENITA BETH HERNANDEZ, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO.  4:19-CV-00638 |
| v. | § § § | Judge Mazzant |
| RUSH ENTERPRISES, INC., et. al., | § § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Conditional Motion to Strike Defendants' Expert Witnesses (Dkt. #71).  Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' motion should be **DENIED**.

### BACKGROUND

This suit concerns allegations by Plaintiff Raymond Hernandez ("Hernandez") that he suffered racially based discrimination in the workplace.  In 2015, Rush Enterprises, Inc. and Rush Truck Centers of Texas, LP ("Rush") hired Hernandez, a Hispanic male, as a Level 2 Mechanic. Hernandez initially worked at a facility owned and operated by Schlumberger Limited and Schlumberger Technology Company ("Schlumberger") in Denton.  After working there for six months, Hernandez was transferred to a Rush facility in Irving, where he worked for four months. Hernandez was then transferred back to the Schlumberger facility in Denton, where he worked until Rush reassigned him to a different facility in early 2019.  Employees of Rush, Schlumberger, and Holt Texas, Ltd. d/b/a Holt Cat ("Holt") were present at the Schlumberger worksite during

Hernandez's tenure there.   Roughly a year and a half into this stint at the Denton facility, Hernandez was promoted to the position of Lead Man.

Hernandez alleges that he consistently endured harassment from his co-workers based on his race, and he asserts that he reported such harassment to his supervisors.   His allegations detail an unsuitable workplace climate, particularly unfavorable towards those of Hispanic descent. Things came to a head on January 16, 2019, when Hernandez entered the break room at the Denton facility and a physical altercation occurred between Hernandez and Holt employee Jeremy Stallings ("Stallings").   The incident culminated with Stallings shoving Hernandez to the ground, which caused Hernandez's hip to fracture.   Hernandez subsequently went to the hospital and underwent hip replacement surgery.

Following the January 16 altercation, Schlumberger banned Hernandez and Stallings from the Denton facility, and Rush assigned Hernandez to a different location.   At the new location, Hernandez's title reverted to Level 2 Mechanic.

On April 13, 2020, Plaintiffs filed the present motion (Dkt. #71).   On April 28, 2020, Defendants filed a response (Dkt. #73).   On May 5, 2020, Plaintiffs filed a reply (Dkt. #74).   On May 12, 2020, Defendants filed a sur-reply (Dkt. #75).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue.   FED. R. EVID. 702.   In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury.   509 U.S. 579, 590–93 (1993).   Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the

courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91.  A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702.  Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594.  In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244.  When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593.  As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594.  The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152.  Accordingly, the decision to allow or exclude experts from testifying

under *Daubert* is committed to the sound discretion of the district court.  *St. Martin v. Mobil Expl.
& Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS[1]

Plaintiffs file this motion in response to Defendants' Motion to Strike Plaintiffs' Expert
Witness Designations of Coneisha L. Sherrod ("Sherrod") and Cumulative Experts Designated to
Testify on the Issue of Attorney's Fees (Dkt. #54).  Plaintiffs argue that if the Court strikes Sherrod,
the Court should also strike Defendants' expert human resource experts on the same grounds.
Specifically, Plaintiffs assert that "Defendants argue that each of the opinions of Plaintiffs' human
resource expert depend upon unreliable legal conclusions, make ultimate conclusions, and do not
aid the jury" and "Defendants' arguments apply equally to the experts designated by Defendants,
both retained and unretained" (Dkt. #71 at p. 2).

Defendants argue that "Plaintiffs' conditional motion rests on the faulty premise that
Plaintiffs' experts and Defendants' experts offered the same improper testimony, so that
categorical treatment would somehow be warranted" (Dkt. #73 at p. 1).  Defendants further state
that "[e]ven a cursory review of the experts' submissions and the parties' designations reveals that
Plaintiffs' all-or-nothing approach is baseless" (Dkt. #73 at p. 1).

Plaintiffs condition their motion on the outcome of Defendants' Motion to Strike Plaintiffs'
Expert Witness Designations of Coneisha L. Sherrod and Cumulative Experts Designated to
Testify on the Issue of Attorney's Fees (Dkt. #54).  Plaintiffs argue that if the Court strikes their
expert witnesses, Defendants' expert witnesses should be stricken on the same grounds.

---

[1] In addition to the expert designated by Rush Enterprises and Rush Truck Centers, Plaintiffs' motion seeks to strike
the experts of Holt Cat ("Holt") and Schlumberger Technology Corporation ("Schlumberger").  However, the Court
dismissed all claims against Holt and Schlumberger (*see* Dkt. #193; Dkt. #194).  Thus, the Court analyzes the motion
only as it relates to Rushs' experts.

As a threshold matter, the Court notes that a conditional motion to strike is an improper vehicle by which to object to expert witnesses.  If Plaintiffs take issue with Defendants' expert witnesses' opinions, they should have filed a motion to strike and included relevant authorities. Plaintiffs cannot rely upon the arguments presented in Defendants' motion to strike and simply recycle those arguments for their own benefit.

Despite the improper vehicle, the Court is not convinced that Plaintiffs have met their burden to show that Defendants' expert witnesses offer impermissible legal conclusions or employ unreliable methodology.  As such, the Court finds the exclusion of Defendants' human-resource expert witnesses improper.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Conditional Motion to Strike Defendants' Expert Witnesses (Dkt. #71) is hereby **DENIED**.

**SIGNED this 26th day of February, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE