# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| RAYMOND HERNANDEZ and § | |
| VENITA BETH HERNANDEZ, § | |
| § | Civil Action No. 4:19-cv-638 |
| *Plaintiffs*, § | Judge Mazzant |
| § | |
| v. § | |
| § | |
| RUSH ENTERPRISES, INC., ET AL., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Reconsider Order Granting Summary Judgment as to Rush Defendants (Dkt. #201). Having considered the Motion and the relevant pleadings, the Court finds the Motion should be denied.

## BACKGROUND

This suit concerns allegations by Plaintiff Raymond Hernandez that he suffered racially based discrimination in the workplace. After the summary-judgment phase, the only claim remaining is the alleged disparate treatment Plaintiff endured that Rush Enterprises, Inc. ("Rush") caused (Dkt. #192). On March 8, 2021, Plaintiffs filed their Motion to Reconsider Order Granting Summary Judgment as to Rush Defendants (Dkt. #201), currently before the Court. On March 19, 2021, Rush filed its response (Dkt. #202).

## LEGAL STANDARD

Even though the "'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it [is] one of the more popular indoor courthouse sports at the district court level." *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (quoting *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)); see *Lavespere v. Niagara Mach. &*

*Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*."), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Motions to reconsider serve the "very limited purpose . . . [of] 'permit[ting] a party to correct manifest errors of law or fact, or to present newly discovered evidence.'" *Polen v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00842, 2017 WL 3671370, at *1 (E.D. Tex. June 30, 2017) (quoting *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002)). Granting a motion to reconsider "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

"Mere disagreement with a district court's order does not warrant reconsideration of [an] order." *Westport Ins. Corp.*, 571 F. Supp. 2d at 738 (citing *Krim*, 212 F.R.D. at 332). Moreover, parties should present their strongest arguments upon initial consideration of a matter—motions for reconsideration cannot serve as vehicles for parties to "restate, recycle, or rehash arguments that were previously made." *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *3 (E.D. Tex. Aug. 10, 2020) (citing *Krim*, 212 F.R.D. at 332); *see Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) ("[M]otions for reconsideration 'should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.'" (brackets and ellipsis omitted)). A "district court's 'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

## ANALYSIS

The manifest error Plaintiffs' motion alleges is that the Court's summary-judgment analysis did not properly adjudicate the claim for hostile work environment (Dkt. #201 at p. 7). Specifically, Plaintiffs argue that the Court did not sufficiently consider "the totality of the facts, including the pervasiveness of the hostile work environment for over a three-year period and the effect on other workers, along with the severity of the final harassment" (Dkt. #201 at p. 7).

Plaintiffs have not shown manifest errors of law or newly discovered evidence. *Templet*, 367 F.3d at 478–49. They have not shown (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Defendants have simply failed to demonstrate that they are entitled to the extraordinary relief an order granting a motion for reconsideration provides. *See Templet*, 367 F.3d at 478. As such, the Court finds that its original decision should stand.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Reconsider Order Granting Summary Judgment as to Rush Defendants (Dkt. #201) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 26th day of March, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE